## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **CLARE LACHNEY** | **CASE NO.  20-cv-776** |
| **-vs-** | **JUDGE DRELL** |
| **DIANA YAXLEY ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## RULING

Before the court is an unopposed motion for summary judgment filed by defendant Old Republic Insurance Company ("Old Republic") seeking dismissal from suit.  (Doc 40).  For the reasons assigned herein, the motion for summary judgment will be granted.

I.      Background

On July 29, 2019, plaintiff, Clare Lachney, was operating a 2017 GMC delivery vehicle owned by Penske Truck Leasing Co., L.P. ("Penske") and rented by FedEx and/or KW Delivery, Inc.  Lachney was making a left turn onto Coliseum Blvd. in Alexandria, Louisiana, when she was struck by the vehicle driven by Diana Yaxley ("Yaxley").

In October 2019, Lachney filed a petition for damages in the Ninth Judicial District Court, State of Louisiana.  Lachney named Yaxley, Allstate Property and Casualty Insurance Company as insurer of the vehicle driven by Yaxley, and Old Republic as the uninsured motorist insurer of FedEx and/or KW Delivery, Inc. as defendants.  (Doc. 1-6).

Old Republic answered the petition denying it was the insurer of FedEx and/or KW Delivery, Inc. but admitting that a valid policy of insurance between it and Penske existed at the time of the accident at issue.  Old Republic further asserted that it did not owe coverage for the damages   sought   by   Lachney   as   the   named   insured,   Penske,   validly   rejected

uninsured/underinsured motorist coverage for bodily injury damages ("UM coverage") prior to the date of the accident. (Doc. 1-12)

In March 2020, Lachney filed a first supplemental and amended petition naming Protective Insurance Company ("Protective") as an additional defendant and the "excess and uninsured/underinsured insurer of FedEx and/or KW Delivery, Inc., and pursuant to a policy of insurance issued covering the vehicle operated by Clare Lachney." (Doc. 1-7). Protective then filed a notice of removal on or about June 19, 2020. (Doc. 1)

On June 30, 2021, Old Republic filed the instant motion for summary judgment. No opposition was filed.

II.     Law and Analysis

A court "shall grant motion for summary judgment in the movant shows that there is no genuine dispute ass to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir.2011) (internal quotations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims. See

Anderson, 477 U.S. at 250.  The nonmoving party must establish the existence of a genuine dispute

of material fact for trial by showing the evidence, when viewed in the light most favorable to him,

is sufficient to enable a reasonable jury to render a verdict in his favor.  Celotex, 477 U.S. at 325;

Duffy v. Leading Edge Prods., Inc., 44 F.3d 308, 312 (5th Cir.1995).  A party whose claims are

challenged by a motion for summary judgment may not rest on the allegations of the complaint

and must articulate specific factual allegations which meet his burden of proof.  Duffy, 44 F.3d at

312.  "[C]onclusory allegations unsupported by concrete and particular facts will not prevent an

aware of summary judgment." Id. (citing Anderson, 477 U.S. at 247).

In the instant case, there is no opposition to the motion for summary judgment.  However,

this does not relieve the movant from coming forward with sufficient evidence in support of his

motion.  "If a party…fails to properly address another party's assertion of fact as required by Rule

56(c), the court may:…consider the facts undisputed for purposes of the motion [and] grant

summary judgment if the motion and supporting materials - including the facts considered

undisputed - show that the movant is entitled to it..." Fed.R.Civ.P. 56(e).

The question before the court is whether Old Republic, as the insurer of Penske, owes UM

coverage to Lachney.  "The object of UM insurance is to provide full recovery for automobile

accident victims who suffer damages caused by a tortfeasor who is not covered by adequate

liability insurance." Duncan v. USAA, 950 So.2d 544, 547 (La.2006) (citations omitted).  Under

Louisiana law, there is a strong public policy in favor of providing UM coverage.  So much so that

UM coverage is read into a policy unless validly rejected in accordance with the statute, La. Rev.

Stat. §22:1295(1)(a)(ii).

> (1)(a)(i) No automobile liability insurance covering liability arising out of the
> ownership, maintenance, or use of any motor vehicle shall be delivered or issued
> for delivery in this state with respect to any motor vehicle designed for use on public
> highways and required to be registered in this state or as provided in this Section

unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section.  In no event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under R.S. 32:900, unless economic-only coverage is selected as authorized in this Section.  Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy when the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates....

(ii) Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only in a form prescribed by the commission or insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative.  The form signed by the named insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.  A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.

La. Rev. Stat. §22:1295.

Old Republic argues that Penske validly rejected UM coverage.  In support it provides several exhibits including Kemper's June 30, 2021 declaration (Doc. 40-3) in which he acknowledges that on December 28, 2017, he was the duly authorized legal representative of Penske and was authorized to execute the "State of Louisiana Uninsured/Underinsured Motorist Bodily Injury Coverage Form" in connection with securing a policy of insurance issued by Old Republic, policy number was MWTB311325.  Kemper further declares it was his "intention to reject uninsured/underinsured motorist coverage on behalf of Penske Truck Leasing Co., L.P., on the Old Republic policy number MWTB311325."

4

Old Republic also provides a copy of the insurance policy marked policy number MWTB31125 with a policy period January 1, 2018 through January 1, 2021 (Doc. 40-4) as well as a copy of a "State of Louisiana Uninsured/Underinsured Motorist Bodily Injury Coverage Form." (Doc. 40-5).  The form lists Penske as the insured under Old Republic policy number MWTB311325 effective January 1, 2018.  It is signed by Barry M. Kemper ("Kemper") on December 28, 2017 and Kemper's initials are in the box next to the portion of the form allowing for declination of UM coverage.  Old Republic contends the form is one prescribed by the Louisiana Commissioner of Insurance and it is in proper form.  We agree.

The form meets the requirements set forth by the Louisiana Supreme Court in <u>Duncan v USAA</u>, 950 So.2d 544 (La.2006): (1) initialing the selection or rejections of coverage chosen; (2) if limits lower than the policy limits are chosen, the filling in the amount of coverage for each person and each accident; (3) printing the name of the insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.   Clearly shown on the form are Kemper's initials acknowledging a declination of UM coverage, Penske listed as the  named insured for policy number MWTB311325 effective January 1, 2018, "Barry M. Kemper" listed as the legal representative, his signature as such, and the  date of the agreement, December 28, 2017.  Accordingly, the uncontroverted evidence before the court is that a valid waiver of UM coverage was effected by Penske prior to the date of the accident at issue.

III.    Conclusion

As there is no coverage for Lachney under the Old Republic policy, all claims against it

will be dismissed.  The court will issue a judgment in conformity with these findings.

THUS DONE AND SIGNED at Alexandria, Louisiana this 26th day of  August 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT